UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEREDITH MCGLOWN,<br><br>    Plaintiff,<br><br> v.<br><br>ASIA PEOPLE'S REPUBLIC, CHINA PEOPLE REPUBLIC, TRIAD CHANG, and JINPING XI,<br>    Defendants. | CASE NO. 2:23-cv-153<br><br>ORDER DECLARING PLAINTIFF MCGLOWN A VEXATIOUS LITIGANT |

## INTRODUCTION

On July 3, 2023, the Court dismissed *pro se* Plaintiff Meredith McGlown's complaint without prejudice. Dkt. No. 26. On August 2, 2023, the Court ordered Plaintiff to show cause within 21 days of the date of the Order why the Court should not enter a vexatious litigant order against her. Dkt. No. 31. Plaintiff did not file a response. The court ENTERS a vexatious litigant order against her as set forth below.

## BACKGROUND

On January 30, 2023, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") and attached a proposed complaint to her motion. Dkt. No. 1. On February 8, 2023, Magistrate Judge Brian A. Tsuchida granted Plaintiff's IFP motion, but recommended that Plaintiff's complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 7.

ORDER - 1

On July 3, 2023, the Court dismissed Plaintiff's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 26. On July 5, 2023, Plaintiff filed two additional motions with the Court. Dkt. Nos. 27, 28.

Subsequently, the Court filed a notice of intent to enter a bar order against a vexatious litigant and order to show cause. Dkt. No. 31. In that Order, the Court detailed Plaintiff's litigation history within the Western District of Washington, which includes 10 complaints, all of which the Court dismissed. *Id.* at 1–6. Based on Plaintiff's litigation history, the court ordered Plaintiff to show cause, within 21 days of the date of the Order, why the court should not impose certain litigation restrictions on any new case Plaintiff files in the District as a *pro se* litigant. *Id.* at 10. Plaintiff did not respond to the Order. *See* docket generally.

## ANALYSIS

As detailed in the Court's August 2, 2023, Order, this is Plaintiff's tenth complaint, eighth with IFP status, in the Western District of Washington. Dkt. No. 31 at 1–6. The Court has dismissed all ten. *Id.* As discussed above, the Court issued an order to show cause why Plaintiff should not be declared a vexatious litigant given her history of litigation in this District. *Id.* at 10. For the reasons stated below, the Court finds that Plaintiff is a vexatious litigant and imposes certain litigation restrictions upon her.

A.   **Legal Standard.**

The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants. *De Long v. Hennessey,* 912 F.2d 1144, 1147 (9th Cir. 1990) ("Under the power of 28 U.S.C. § 1651(a), enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take."). Although, such orders should be rare, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* at 1148.

In the Ninth Circuit, a vexatious litigant order should be entered when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is an adequate

ORDER - 2

record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147–48; *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The first two factors are procedural, while the "latter two factors...are substantive considerations...[that] help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Molski*, 500 F.3d at 1058. A separate set of considerations can provide a helpful framework when applying the two substantive factors. *Id.*

    1. *Notice and Opportunity to be Heard.*

The first factor requires that Plaintiff be given an opportunity to oppose the order before it is entered. *Id.* at 1147. And that an individual has fair notice of the possibility that he or she might be declared a vexatious litigant. *Id.* at 1058. The first factor does not require that the court hold an in-person hearing. *See Gavin v. City & Cty. of S.F.*, No. 15-CV-05202-EMC, 2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016); *see, e.g., Reddy v. MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012) ("The requirement that the plaintiff receive an opportunity to be heard does not include an oral hearing; the opportunity to brief the issue fully satisfies due process requirements."). The first factor is met, as Plaintiff received notice by virtue of the notice and order to show cause. Dkt. No. 31. She was also given an opportunity to respond, but decided not to do so.

    2. *Adequate Record for Review.*

An adequate record for review should include a listing of all the cases and motions that lead the district court to conclude that a vexatious litigant order is needed. *De Long*, 912 F.2d at 1147 (citing *Martin–Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984)). At a minimum, the record should show that the litigant's activities are numerous or abusive. *Id.*

In its August 2, 2023, Order the Court listed and discussed in detail all the actions (ten in total) that McGlown has filed in this District. A review of them revealed that in eight of the ten

ORDER - 3

cases, McGlown has been granted IFP status; further, none of them stated a plausible claim for relief. The actions were also abusive in the work they required of the Court and its staff.

    3.  *Frivolous or Harassing Filings.*

The third *De Long* factor "gets to the heart of the vexatious litigant analysis," *see Molski*, 500 F.3d at 1059, and requires the district court to look to "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims, *De Long*, 912 F.2d at 1148. "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059.

Accordingly, based on Plaintiff's profligate IFP case filings and her failure to respond to the Court's order to show cause, the Court finds that she is a vexatious litigant upon whom the Court should impose certain pre-filing requirements.

    4.  *Narrowly Tailored.*

The fourth and final factor requires the pre-filing order to be narrowly tailored to the vexatious litigant's wrongful behavior. *Id.* at 1061. "Narrowly tailored orders are needed 'to prevent infringement of the litigator's right of access to the courts.'" *De Long*, 912 F.2d at 1148 (*citing Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). The pre-filing restriction must fit the plaintiff's specific practices. *See, e.g., Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983) (the injunction must describe in reasonable detail the act or acts sought to be restrained).

The specific vice the Court seeks to address, and remedy is the serial filing of facially frivolous lawsuits as a *pro se* litigant. Plaintiff has brought multiple, meritless IFP lawsuits before multiple judges in this District.

Accordingly, the Court finds it appropriate to deem her a vexatious litigant and to fashion a narrowly tailored pre-filing order as follows:

    1) The Clerk will initially file all of Plaintiff's future *pro se* complaints and motions for *in forma pauperis* in a miscellaneous case number specifically designated for this purpose pending the Court's review of each such complaint and motion;

ORDER - 4

2) The Clerk will not issue summons in any *pro se* action of Plaintiff without approval of the Court;

3) The Court may dismiss any future *pro se* complaints and motions for *in forma pauperis* upon a finding that the complaint suffers from the same or similar defects outlined above without issuing an order to show cause; and

4) If Plaintiff is represented by counsel, then any complaint she files as a represented litigant may receive a civil number immediately without the necessity of initially filing it under the specially designated miscellaneous case number.

## CONCLUSION

Based on the foregoing analysis, the Court DECLARES Plaintiff Meredith McGlown as a vexatious litigant subject to certain narrowly tailored pre-filing restrictions as described above.

Dated this 25th day of August, 2023.

Jamal N. Whitehead
United States District Judge

ORDER - 5