UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEREDITH MCGLOWN, | CASE NO. 2:23-mc-00068-JNW |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

The Court raises this matter on its own accord. In pro se Plaintiff Meredith McGlown's Proposed Complaint, she asserts that the Social Security Administration denied her claim for Supplemental Security Income. Dkt. No. 2. Under the Court's vexatious litigant order, the Court must screen any complaint that McGlown files in this District before a summons will issue. Dkt. No. 1. In June 2024, the Court screened McGlown's proposed complaint and found that she failed to attach a copy of the Commissioner of Social Security's final decision or the notice that she received that the Social Security Administration denied her appeal. Dkt. No. 3. The Court ordered McGlown to "supplement her complaint by filing a copy of the Commissioner's final decision and the notice she received that her appeal was

DISMISSAL ORDER - 1

denied by the Social Security Administration." *Id.* The Court warned that "[f]ailure to file these requested documents within 14 days of the date of this order will result in dismissal of her complaint." *Id.*

McGlown responded to the Court's Order on July 1, 2024. Dkt. No. 4. Her response failed to clarify or supplement her claim and did not attach the required documents. McGlown states that the Social Security Administration failed to provide her with an obligatory "disbursement in the amount of 1 Trillion." *Id.* at 2. She provides no support for this farfetched claim. And the rest of her response is implausible, illegible, and incoherent. As warned, McGlown's failure to comply with the Court's Order is grounds for dismissal.

Section 1915 also provides grounds to dismiss this lawsuit. McGlown seeks to proceed in forma pauperis (IFP). Dkt. No. 2-1. When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). To survive Section 1915 review, a complaint must meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, McGlown states no plausible claim for relief. Her nearly-200-page proposed complaint is mostly impossible to follow, and she failed to follow the Court's

DISMISSAL ORDER - 2

directions as to how to pursue an appeal from a decision of the Commissioner of Social Security. Her Vexatious Litigant Bar Order authorizes the Court to "dismiss any future *pro se* complaints and motions for *in forma pauperis* upon a finding that the complaint suffers from the same or similar defects" reflected in her previously dismissed lawsuits. Dkt. No. 1. At this point, the Court finds no reason to grant McGlown leave to amend, to supplement, or to show cause.

In short, the Court finds that McGlown's proposed complaint is frivolous and fails to state a claim on which relief may be granted. This is the sort of pleading that led to McGlown's Bar Order. Her claims are thus DISMISSED without prejudice and without leave to amend. This Order terminating this proposed action is final and appealable. However, the Court DIRECTS the Clerk that no Judgment shall be entered in this docket because any future proposed claims will be opened in this case, subject to McGlown's Bar Order. The "narrowly tailored pre-filing restrictions" set forth in McGlown's Bar Order, *see* Dkt. No. 1 at 4-5, remain in effect.

It is so ORDERED.

Dated this 17th day of January, 2025.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 3